# ATTACHMENT E

## UNDERTAKING OF PATRICK JUNEAU IN FURTHERANCE OF COURT ORDER APPOINTING HIM CLAIMS ADMINISTRATOR

This Undertaking is entered into on April 9, 2012 by and between Mr. Patrick Juneau ("Juneau") one the one hand and BP Exploration & Production Inc. ("BP") and Interim Class Counsel on the other hand in furtherance of the Court's March 8, 2012 First Amended Order Creating Transition Process appointing Juneau as the Claims Administrator of the Transition Process and the proposed Court Supervised Claims Program (Doc. 5995) (the "Transition Order") by the Honorable Carl Barbier of the United States District Court of the Eastern District of Louisiana in *In re Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 ("MDL 2179") (the "Court").

### RECITALS

A.  The Court in MDL 2179 issued the Transition Order which appoints Juneau as the Claims Administrator of the Transition Process and the proposed Court Supervised Claims Program; and

B.  Pursuant to the Agreement-in-Principle Regarding "*Deepwater Horizon*" Economic Loss and Property Damages Settlement, BP shall be solely responsible for all costs of claims administration for the Transition Process and the proposed Court Supervised Claims Program, including the fees and expenses of the Claims Administrator.

### UNDERTAKING PURSUANT TO TRANSITION ORDER

NOW THEREFORE, in consideration of the recitals and undertakings contained herein, Juneau, BP and Interim Class Counsel agree as follows:

1.  Claims Administrator Services.

    Juneau agrees to undertake the responsibilities of Claims Administrator as set forth in: (a) the Transition Order (and any amendments or modifications thereof); (b) the Agreement-in-Principle Regarding "*Deepwater Horizon*" Economic Loss and Property Damages Settlement; (c) a final settlement agreement among the parties, should such agreement be finalized and filed and approved by the Court; and (d) as otherwise ordered by the Court. Juneau further agrees that he will comply with all legal and ethical obligations related to his Court appointed role as the Claims Administrator.

2. <u>Compensation</u>.

    a. Juneau shall be compensated in the amount of $280,000 per month to serve as the Claims Administrator (the "Compensation"). Juneau's Compensation shall, subject to the twenty-four (24) month guarantee set forth in Paragraph 2(b) below, be paid on a month-to-month basis starting on March 8, 2012 through and including the date which is the earlier of: (i) the Court denies the parties' motion for preliminary approval; (ii) the Court denies the parties' motion for final approval; (iii) the reversal on appeal of a Court order granting final approval; (iv) the Court enters an Order closing the proposed Court Supervised Claims Program; or (v) Juneau resigns, can no longer serve or is removed by the Court as the Claims Administrator (collectively, "Termination Events").

    b. The first twenty-four (24) months of Juneau's Compensation, effective as of March 8, 2012, is guaranteed by BP regardless of whether a Termination Event in Paragraphs 2(a)(i) through and 2(a)(iv) occurs prior to the expiration of that twenty-four (24) month period. In the event that Juneau's service as the Claims Administrator is terminated by virtue of one of the Termination Events in Paragraphs 2(a)(i) through 2(a)(iv) prior to the first twenty-four (24) month period, Juneau shall be paid the balance of the guaranteed monthly payments within ninety (90) days of the termination date. However, in the event that a Termination Event in Paragraph 2(a)(v) occurs, any unpaid Compensation under this Paragraph 2(b) shall not be paid to Juneau.

    c. In addition to the $280,000 monthly Compensation, Juneau shall be reimbursed on a monthly basis the reasonable and necessary expenses incurred by Juneau in order to carry out his responsibilities as the Claims Administrator (the "Expenses"). Such reimbursable Expenses shall include travel and travel-related expenses (mileage, lodging, parking, meals, etc.) incurred by employees of Juneau David, APLC when such expenses are incurred in the course of assisting Juneau in carrying out his duties as the Claims Administrator. Expenses shall otherwise not include compensation of employees of Juneau David, APLC.

    d. Juneau shall be paid reasonable and necessary rent, including utilities, for an apartment located in New Orleans, Louisiana, to be used to assist Juneau in carrying out his responsibilities as the Claims Administrator for the period of time during which Juneau serves as the Claims Administrator (the "Rent"). Juneau shall

present BP and Interim Class Counsel with an executed rental or lease agreement prior to submitting Rent for payment under this Undertaking.

3. <u>Funding Mechanism for Payment of Compensation, Expenses and Rent</u>.

   a. The Compensation and Expenses shall be paid to Juneau David, APLC (Tax EIN 72-1250097) via wire transfer out of an account to be agreed upon by BP and Interim Class Counsel on a monthly basis on the 15th day of each month (the "Claims Administration Account"). The Rent shall be paid directly to the lessor identified on the executed rental or lease agreement provided pursuant to Paragraph 2(d) above.

   b. Juneau shall submit invoices and supporting documentation for all Expenses for payment from the Claims Administration Account at least fifteen (15) calendar days prior to the payment date described in Paragraph 3(a) above. Copies of all invoices and supporting documentation shall be provided to BP and Interim Class Counsel at the same time when such invoices and supporting documentation are submitted to Claims Administration Account.

   c. BP and Interim Class Counsel each have the respective right to audit and challenge the payment of any Expenses on the grounds that such amounts are not reasonable and necessary for Juneau to carry out his responsibilities as the Claims Administrator. If Juneau contests BP's and/or Interim Class Counsel's rejection of any Expenses, Juneau may present the dispute to the Court for resolution.

4. <u>Indemnification</u>. BP shall indemnify, defend and hold Juneau and any employees of Juneau David, APLC who provide services in support of the Claims Administrator (collectively, "Indemnified Parties") harmless, to the full extent lawful, from and against any losses, liabilities, expenses, claims, suits, investigations or proceedings related to or arising out of Juneau's appointment as Claims Administrator or any services performed by the Indemnified Parties under this Undertaking (collectively, "Losses"), including but not limited to Losses resulting from the Indemnified Parties' negligence, except that the Indemnified Parties will not be indemnified or held harmless with respect to any Losses that are finally judicially determined to have resulted solely from the Indemnified Parties' gross negligence or intentional or willful misconduct, including fraud. BP further agrees that the Indemnified Parties shall not have any liability to BP in connection with Juneau's appointment as Claims Administrator or any services performed by the Indemnified Parties under this Undertaking, except for Losses incurred that are finally judicially

3

determined to have resulted solely from the gross negligence or willful misconduct of the Indemnified Parties If any claim, suit, investigation or proceeding is threatened or commenced as to which any Indemnified Party proposes to demand indemnification under this Paragraph 4, the Indemnified Party will notify BP with reasonable promptness, but failure to do so shall not relieve BP of any of its obligations under this Paragraph 4 unless BP can establish that the delay in receiving such notice actually prejudiced BP and then only to the extent of such prejudice.

5. Term and Termination.

This Undertaking shall be effective as of March 8, 2012 and shall terminate upon the happening of a Termination Event. Paragraph 3(d) shall survive the termination of this Undertaking.

6. Notices. All notices and correspondence required to be given by this Undertaking shall be delivered by hand or certified mail, return receipt requested and postage pre-paid, or by a nationally recognized courier service, or by facsimile transmission, and be addressed as follows:

If to Juneau:

Mr. Patrick Juneau
Juneau David, APLC
P.O. Drawer 51268
Lafayette, LA 70505-1268

If to BP:

Mark Holstein
BP Legal
501 Westlake Park Boulevard
Houston, Texas 77079
Tel.: 281-366-8895
FAX: 281-366-5901

If to Interim Class Counsel:

James P. Roy
DOMENGEAUX WRIGHT ROY & EDWARDS LLC
556 Jefferson Street, Suite 500
Lafayette, Louisiana 70501
Telephone: (337) 233-3033
Fax No: (337) 233-2796

4

and

Stephen J. Herman
HERMAN HERMAN KATZ & COLTAR LLP
820 O'Keefe Avenue
New Orleans, LA 70113
Telephone: (504) 581-4892
Fax No. (504) 569-6024

7. Neither Interim Class Counsel, Class Counsel, Lead Class Counsel, Co-Liaison Counsel, nor PSC shall have any financial responsibility or obligation to fulfill or satisfy the payment of any compensation or expenses hereunder.

8. <u>Miscellaneous</u>. The terms and conditions of this Undertaking constitute the entire agreement between Juneau, BP and Interim Class Counsel relating to the subject matter of this Undertaking and shall supersede all previous agreements and understandings between Juneau, BP and Interim Class Counsel with respect to the subject matter of this Undertaking. Each party represents and warrants to the other that the individual executing this Undertaking on behalf of each party has the power and authority to do so, and that this Undertaking constitutes a legal, valid and binding obligation of such party enforceable against such party in accordance with its terms. This Undertaking shall inure to the benefit of and be binding upon Juneau, BP and Interim Class Counsel and shall not be assigned by either party without the prior written consent of the other party. This Undertaking shall be governed by and construed in accordance with the laws of the State of Louisiana without giving effect to its principles of conflict of laws. The terms of this Undertaking may be amended only upon the written consent of Juneau, BP and Interim Class Counsel.

Claims Administrator

_____
Mr. Patrick Juneau

BP Exploration & Production Inc.

_____   Robert Russell
Mr. Bob Talbott                    For Bob Talbott

Interim Class Counsel

_____
Mr. James Roy

_____
Stephen J. Herman

5